## FARVE v. LOUISVILLE & N. R. Co.

*(Circuit Court, S. D. Mississippi, S. D. March 7, 1890.)*

1. RAILROAD COMPANIES—RUNNING OF TRAINS.

A railroad company has a right to run its trains at any speed deemed proper when they are not passing through an incorporated city or town, or crossing a public street or highway; and the engineer, in such case, is not bound to look out for persons on the track.

2. SAME—INJURIES TO PERSONS ON TRACK.

Where a person, knowing that a fast train is due, gets on the track, and is struck by the train, he is guilty of such contributory negligence as will prevent his recovery for the injuries sustained.

At Law.

Action by John B. Farve, use, etc., against the Louisville & Nashville Railroad Company, for personal injuries.

*B. Deblieux,* for plaintiff.

*G. B. Clark,* for defendant.

HILL, J., (*charging jury.*) The issue which you are called upon to determine is as to whether or not the injuries to the person of Victor Farve were caused by the willful, reckless, and careless conduct of the conductor, engineer, and fireman operating the engine and train of the defendant company, as alleged in the plaintiff's declaration, and to which allegations the defendant company has interposed two defenses—*First,* a plea of not guilty, which is a denial of the alleged trespasses and wrongs; and, *secondly,* that, if any such wrongs were committed, that said Victor Farve, by his own wrong and negligent conduct, contributed to such injuries. To entitle the plaintiff to a verdict in his favor, the burden is upon him to satisfy your minds reasonably, by the proof, that the alleged injuries were caused by the running of the engine and train as alleged in the declaration. If you are satisfied of this fact by the proof, and if there were no proofs to rebut it, or other proof of the nature of the accident, then the fact of the injury, under the law of the state, would be *prima facie* evidence of a want of skill and care on the part of the employes of defendant in operating the engine and train, and would entitle the plaintiff to a verdict. This rule of evidence is based on the fact that such accidents usually occur when there are no witnesses to it except the employes operating the engine and train, and therefore it is reasonable that the defendant corporation should by its employes, who are presumed to have witnessed the accident, explain how it occurred. But, when there are witnesses on both sides to the accident, then the reason for the rule ceases, and the rule with it, and the case is decided upon the evidence, as in other cases. Victor Farve, who received the injury, having testified to the way in which the injuries were received, this *prima facie* rule of evidence does not apply in this case, and the burden is on the plaintiff to reasonably satisfy you, from the proof, that the injuries were caused by the willful negligence and wrong of defendant's employes, as alleged in his declaration.

There is no proof that the place where the accident happened, was in an incorporated city or town, or on a crossing of a public street or road. Therefore the defendant, by its agents and employes, had a right to its railroad track, and to run its trains thereon, without any obstruction thereto, at any speed deemed proper; and Victor Farve, when he went on the railroad track, did so at his own risk, and must suffer the consequences. The proof of Victor Farve, his father, and the other proof on his part, is that the fast train was expected in a short time, and Victor Farve hurried to get to his cows, to drive them off the track or to his home, and that he did get on the railroad track, heard the approach, attempted to get off, slipped, and fell outside of the track, between the ends of the cross-ties, and received the injury. The getting on the track of the railroad, when he was looking for the fast train to pass, was an

act of recklessness and carelessness which constituted contributive negligence on his part, and deprives the plaintiff of a right of recovery in this action. The engineer and other employes engaged in running the train were not required to look and see whether there was any one on the track except at a public crossing, or in an incorporated city or town, or at a depot station, or to give a signal of the approach of the train except at such crossing, station, town, or city. There is no proof that the engineer, fireman, or conductor saw Victor Farve, but the proof is that they did not see him, before or at the time of the accident. If the engineer had seen Victor Farve on the track, and had reason to believe that he could not get off the track in time to save himself, it would have been his duty to do all he reasonably could to avoid the accident. Therefore, you are instructed that the testimony on the part of the plaintiff, and not contradicted by any other proof in the cause, does not entitle him to a verdict in his favor, and that you will return your verdict in favor of the defendant.